COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

WILLIAM L. ADAIR

v.   Record No. 1568-97-2

BUNYON FOREST PRODUCTS AND
 FIDELITY AND CASUALTY
 INSURANCE COMPANY

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 9, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(William L. Adair, pro se, on briefs).

(Jonathan S. Rochkind; Law Offices of
Stuart L. Plotnick, on brief), for appellees.


William L. Adair contends that the Workers' Compensation Commission erred in finding that he failed to prove that his current knee problems were causally related to his compensable November 22, 1994 injury by accident.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that Adair's evidence sustained his burden of proving a causal connection between his current knee problems and his November 22, 1994 compensable

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

injury by accident, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying Adair's application, the commission found as follows:

> [Adair's] treating physician for the 1994 accident was Dr. William O'Brien. Dr. O'Brien examined [Adair] on the day after the accident and in February 1996 when [he] began to have complaints with his right knee. Dr. O'Brien reported that these problems were not related to the 1994 accident. Although Dr. [Kurt R.] Larson has a contrary view "by history," Dr. O'Brien was the only physician who examined [Adair] after both accidents and was in the best position to comment on causation.  The Commission gives great weight to his Opinion.
> When we add the treating physician's opinion to the facts that [Adair's] 1994 accident was minor, that it did not cause him to miss much time from work, that he did not need any medical care for over a year, that the right knee problems did not begin until after surgery for the second industrial accident and [Adair] testified that he favored his right knee after that surgery, we find [Adair] has not proven his current disability is related to the 1994 industrial accident.

In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. O'Brien's opinion, and to reject any contrary medical opinion.  "Questions raised by conflicting medical opinion must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  Moreover, "'when an attending physician is positive in his diagnosis . . . , great weight will be given by

2

the courts to his opinion.'"  Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted).

The commission's findings based upon Dr. O'Brien's opinion are binding and conclusive upon us.  Thus, we cannot say as a matter of law that Adair's evidence sustained his burden of proving a causal connection between his current knee problems and his November 22, 1994 compensable injury by accident.  See Tomko, 210 Va. at 699, 173 S.E.2d at 835.

For these reasons, we affirm the commission's decision.

Affirmed.